

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CECELIA GARCIA-GODOY, | § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. 3-08CV-586-M |
| W. H. BRAUM'S, INC., d/b/a BRAUM'S, INC. a/k/a BRAUM'S ICE CREAM AND DAIRY STORES, | § § § § | Jury Demanded |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW** Plaintiff Cecelia Garcia-Godoy ("Garcia-Godoy" or "Plaintiff") and in support of her cause of action against Defendant Braum's Inc. ("Braum's" or "Defendant") would show as follows:

### I.

### PARTIES

1. Plaintiff, Garcia-Godoy is an individual who resides in the State of Texas.

2. Defendant, Braum's, is a corporation organized under the laws of the State of Oklahoma and conducting business in Texas, and may be served with process via its registered agent at 120 N. Robinson, Suite 735, Oklahoma City, OK 73102.

### II.

### JURISDICTION

3. This action arises under the Americans with Disabilities Act United States Code, Title 42, § 12101, *et. seq* ("the ADA").

4. Diversity jurisdiction is also proper under 28 U.S.C. § 1332(a) since this suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.

5. This Court has supplemental jurisdiction over Plaintiff's negligence and breach of contract claims under 28 U.S.C. § 1367(a) since such claims are so related to Plaintiff's ADA claims as to form part of the same case or controversy.

### III.

### VENUE

6. Venue properly lies in the Northern District of Texas because acts and omissions forming the basis of this suit took place in this District.

### IV.

### FACTUAL BACKGROUND

8. Defendant is a family-owned and operated business with over 280 Braum's Ice Cream and Dairy Stores in Texas, Oklahoma, Missouri, Kansas, and Arkansas; approximately 100 of these stores are located in Texas.

9. Cecelia Garcia-Godoy began working for Braum's on May 12, 2005, as a "Fresh Market Leader" in their Josey Lane store. (Carrollton, Texas – Store #58). Subsequently, Phil Cogburn, Braum's Area Manager, spoke with Ms. Garcia-Godoy and attributed the Josey Lane store's high sales to Ms. Garcia-Godoy's efforts in the store's "Market" area.

10. As a Fresh Market Leader, Ms. Garcia-Godoy was required to move product from the delivery area to a back-room storage area. Frequently, she would move dollies containing 16 crates. Each crate held four one-gallon milk containers. These heavy crates were stacked two by eight on a dolly and reached seven to eight feet high.

11. Because Braum's failed to provide a safe way for Ms. Garcia-Godoy to unload and store these heavy crates, she required help from other employees to unload and store the crates.

12. In January 2006, Ms. Garcia-Godoy met with Phil Cogburn, a Braum's Area Manager, and requested a promotion to management. She explained to Mr. Cogburn that the Market area was too physically demanding and required her to move product weighing well in excess of the 55-pound requirement outlined in the Braum's Employee Handbook.

13. Subsequently, Mr. Cogburn moved Ms. Garcia-Godoy to the Prestonwood store (Dallas, Texas – Store # 263) promoting her to "Assistant Manager 1" – a full four levels higher than her previous position as Fresh Market Leader.

14. Mr. Cogburn conditioned Garcia-Godoy's promotion on her spending her first 30 days at the Prestonwood location "fixing up" that store's Market area. Ms. Garcia-Godoy complied and 30 days later became Assistant Manager 1 at the Prestonwood store.

15. On September, 14, 2006 Donna Ashley, Braum's District Manager, improperly demoted Ms. Garcia-Godoy.

16. Ms. Ashley then offered to transfer Ms. Garcia-Godoy to another store as a Fresh Market Leader. Ms. Garcia-Godoy replied that she already informed Phil Cogburn, Braum's Area Manager, that she could not return to such a physically demanding job. Ms. Ashley indicated that the Market was Ms. Garcia-Godoy's only option.

17. Two days later, on September, 16, 2006 Ms. Garcia-Godoy spoke with Phil Cogburn. Garcia-Godoy again stated she could not perform the heavy lifting associated with the Fresh Market Leader position. Mr. Cogburn indicated he did not want the company to lose such



a valuable employee. He transferred her to the 15th Street store (Plano, Texas – Store #64) as an "Assistant Manager 3."

18.     Ms. Garcia-Godoy moved to the 15th Street store one month later. In the interim, she worked at the Independence store (Plano, Texas – Store #104) for two weeks. Despite previous conversations with Braum's management, she was assigned to the Market most of the time at both the Independence and 15th Street stores and required to perform the heavy lifting associated with that position.

19.     Braum's is a non-subscriber under the Texas Worker's Compensation Act. Instead, Braum's voluntarily established "Braum's Occupational Safety Program" ("BOSP") plan. Under the BOSP, Defendant agreed to provide coverage for work-related injuries incurred by certain employees – including payment of approved medical expenses and wages lost due to injury.

20.     When she was hired, Garcia-Godoy agreed to participate in the BOSP. A condition for receiving benefits under the BOSP plan required an injured employee to report any work-related injury to Braum's before the end of the shift during which the injury occurred.

21.     On October 23, 2006, Ms. Garcia-Godoy was injured while working in the 15th Street store's Market area. She immediately reported her injury to the Manager on duty. The Manager suggested Ms. Garcia-Godoy leave early.

22.     When Ms. Garcia-Godoy returned to work on October 26, 2006, she asked the General Manager if she filed an injury report. The General Manager admitted that she did not file the report. Although it was the General Manager's responsibility to file the injury report, Ms. Garcia-Godoy completed the appropriate form and gave it to the General Manager to sign and forward to Braum's Claims Department.

23. Subsequently, Ms. Garcia-Godoy made five visits to Braum's chosen healthcare providers including an orthopedic physician. Doctor's reports from these visits indicate a "Sprain to an unspecified site of the hip or thigh" and a "Desk Job Only" is recommended.

24. On January 3, 2007, Braum's Claims Department denied coverage for Ms. Garcia-Godoy's injuries stating "it appears you did not report your accident and injury according to the BOSP plan that required for you to report your accident by the end of your shift on 10/23/06. *Because of this, we are denying any continued treatment for this accident or injury.*" (emphasis added)

25. On November 28, 2006 – during the brief period after her injury and prior to Braum's denial of benefits – Ms. Garcia-Godoy was fired on the pretext that she drank coffee without paying for it – this despite the fact that she produced a receipt for her purchase.

26. Subsequently, Ms. Garcia-Godoy contacted the Dallas Equal Employment Opportunity Commission (EEOC) seeking assistance in pursuing a disability discrimination claim against Braum's. On April 13, 2007 – approximately 137 days after she was fired on November 28, 2006Ms. Garcia-Godoy timely submitted a completed intake questionnaire containing her personal information, Braum's contact information, and specifically alleging discrimination based on "disability due to [her] workman's comp claim." Ms. Garcia-Godoy mailed an intake questionnaire to the EEOC on April 13, 2007.

27. Currently, Ms. Garcia-Godoy's physicians have scheduled major orthopedic surgery to treat the injuries she sustained on October 23, 2006 while working for Braum's. In addition, her physicians anticipate she will require ongoing therapy following the surgery in order for her to regain full function of her hip and leg. To date, Ms. Garcia-Godoy's existing medical expenses, lost wages, and estimated surgery-related expenses total more than $80,000.

## V.

## CAUSES OF ACTION

### Count One - Disability Discrimination Under the ADA

28. Plaintiff incorporates Paragraphs 1 through 27 hereinabove as if fully set forth herein at length.

29. 42 U.S.C. § 12112 prohibits employment discrimination based on disability or perceived disability. Based on Plaintiff's work history, Defendant regarded Plaintiff as having a disability.

30. Defendant's decision to fire Plaintiff was made because of her perceived disability.

31. At the time Defendant discharged Plaintiff, she was qualified to work as an Assistant Manager 3 – the position Braum's assigned her on September 16, 2006 - and was able to perform all essential functions of that position.

32. Plaintiff's intake questionnaire, alone, constitutes a sufficient charge of disability discrimination since it: (1) was timely filed, (2) contains the information required in a formal charge,[1] and (3) contains explicit language stating that it will be considered a sufficient charge when it is the only document filed.[2]

33. Plaintiff's completed intake questionnaire was in writing, named the Defendant and clearly alleged "discrimination due to disability." thereby fulfilling the requirements of 29 C.F.R. § 1626.6 and constituting a sufficient charge under 29 C.F.R. § 1626.8 (b).

---

[1] *See* 29 C.F. R. §§ 1626.6 and 1626.8.

[2] *Wolf v. East Texas Medical Ctr.*, 515 F.Supp.2d 682 (E.D. Tex. 2007); *see Price v. Southwestern Bell Telephone*, 687 F.2d 74 (5th Cir. 1982).

34. Furthermore, Plaintiff relied on the statement contained in the EEOC Intake Questionnaire that the timely written statement of allegations contained therein would be considered a sufficient charge of discrimination.

35. By timely submitting the Intake Questionnaire to the EEOC, Plaintiff intended to activate the EEOC's investigatory and conciliatory processes.[3] Plaintiff had no control over the EEOC's failure to notify Braum's of the charge against it and should not be foreclosed from bringing suit where the EEOC fails to follow through.[4]

36. Plaintiff further requests her attorneys' fees under 42 U.S.C. § 12205.

### Count Two - Breach of Contract

37. Ms. Garcia-Godoy incorporates Paragraphs 1 through 34 hereinabove as if fully set forth herein at length.

38. Plaintiff agreed to participate in the BOSP plan and Defendant agreed to pay lost wages and medical expenses resulting from work-related injuries Plaintiff might incur.

39. Plaintiff agreed to participate in the BOSP plan prior to, during, and after her injury. In addition, Plaintiff performed a condition necessary to recover medical expenses and lost wages under the plan when she immediately notified Braum's management of her injury.

40. Braum's management had immediate notice of Plaintiff's injury, yet failed to perform as specified by the agreement and compensate Plaintiff for her medical expenses and lost wages.

41. Plaintiff suffered and continues to suffer economic loss as a result of Braum's breach of the agreement to provide medical coverage and lost wages for work-related injuries.

---

[3] See *Holowecki v. Federal Express, Inc.*, 128 S.Ct. 1147, 1159 (2008) (employee's completed intake form containing all of the information outlined in 29 CFR § 1626.8 constituted a sufficient charge).

[4] *Wolf*, 515 F.Supp.2d at 69.



42. Plaintiff further requests her attorneys' fees under Chapter 38, Tex. Civ. Prac. & Rem. Code § 38.001(8).

### Count Three - Negligence

43. Ms. Garcia-Godoy incorporates Paragraphs 1 through 40 hereinabove as if fully set forth herein at length.

44. Defendant had a duty to provide a reasonably safe workplace for its employees, to protect its employees from unreasonable risk of harm at the work site, and to furnish reasonably safe instrumentalities for its employees to use in the course of their work.

45. Defendant breached its duty to provide a safe workplace by requiring Garcia-Godoy to move, lift and store heavy crates weighing in excess of the 55-pound limit specified in the Braum's Employee handbook, by not providing a safe method to move lift and store the heavy crates, and by not providing tools and/or equipment that would allow Garcia-Godoy to move, lift and store the heavy crates safely.

46. Defendant's failure to provide a safe workplace proximately caused Garcia-Godoy's injuries.

47. Garcia-Godoy suffered and continues to suffer damages caused by Defendant's breach of its duty to provide a safe workplace.

### Count Four - Punitive Damages

48. Ms. Garcia-Godoy incorporates Paragraphs 1 through 45 hereinabove as if fully set forth herein at length.

49. Prior to Plaintiff's injury, Defendant was aware that: (1) working in the Market area required Plaintiff to move product weighing well in excess of the 55-pound requirement outlined in the Braum's Employee Handbook; (2) Braum's did not provide Plaintiff with the

necessary instrumentalities, tools or equipment to safely perform Market area duties; and (3) Plaintiff's risk of injury was extreme if Braum's continued to place her in the Market area.

50. Defendant was aware of the risks of placing Plaintiff in a Market area position, yet Defendant proceeded with conscious, reckless indifference to Plaintiff's safety and placed her in the Market area without providing the necessary instrumentalities, tools or equipment to perform her duties safely.

51. Defendant's total disregard for Plaintiff's safety constitutes the kind of conscious, reckless indifference for which the law allows imposition of exemplary damages against Defendants.

## VI.

## REMEDIES

52. WHEREFORE, Garcia-Godoy prays that the Court grant her the following relief:

   a. Actual damages sustained by Garcia-Godoy, including but not limited to medical costs, back pay and front pay, as a result of Defendant's actions;

   b. Exemplary damages, in an amount to be determined by the jury;

   c. Prejudgment and post-judgment interest;

   d. Reasonable attorneys' fees, expenses and costs, as specifically authorized by statute, to be calculated by the Court pursuant to the established procedures and precedents; and

   e. Such other relief as the Court shall deem just and proper.

## VII.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

## VIII.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Cecilia Garcia-Godoy, respectfully prays that Defendant be cited to appear and answer herein; that, after a jury trial on the merits, Garcia-Godoy be awarded an amount exceeding the minimum jurisdictional limits of this Court, recover her costs of court, pre-judgment and post-judgment interest, and all such further relief to which Garcia-Godoy may show herself entitled.

Respectfully submitted,

**THE COLES FIRM P.C.**
4925 Greenville Ave., Suite 1250
Dallas, Texas 75206
(214) 443-7860 Telephone
(972) 692-7145 Facsimile

By: _/s/ Michael E. Coles_
Michael E. Coles
State Bar No. 24007025

Dustin A. Paschal
State Bar No. 24051160

**ATTORNEYS FOR PLAINTIFF
CECELIA GARCIA-GODOY**

**ORIGINAL**  3-08CV-586-M

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cecelia Garcia-Godoy

**(b)** County of Residence of First Listed Plaintiff: Dallas County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
The Coles Firm, P.C., 4925 Greenville Ave., Suite 1250, Dallas, Texas 75206; (214) 443-7860

## DEFENDANTS
W.H. Braum's, Inc., d/b/a Braum's, Inc., a/k/a Braum's Ice Cream and Dairy Stores

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

RECEIVED
APR 4 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. ss. 12101 et. seq.

Brief description of cause:
Employment discrimination based on disability or perceived disability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE N/A
DOCKET NUMBER N/A

DATE 3/17/08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____